# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **LIBERTY INSURANCE CORPORATION**
      **SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY**
      **211 EAST 7TH STREET SUITE 620**
      **AUSTIN TX  78701-3218**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be taken
against you.  Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce
Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HAILESELASSIE ZEGEYE**

Filed in said Court  **17th day of April, 2015** against

**LIBERTY INSURANCE CORPORATION ET AL**

For Suit, said suit being numbered **DC-15-04382,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Stephanie Clark_ Deputy
        STEPHANIE CLARK

---

**CERT MAIL**

# CITATION

## DC-15-04382

**HAILESELASSIE ZEGEYE**
**vs.**
**LIBERTY INSURANCE**
**CORPORATION, et al**

ISSUED THIS
**23rd day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  STEPHANIE CLARK, Deputy

---

**Attorney for Plaintiff**
JACEY HORNECKER
1350 N LOOP  1604 EAST
SUITE 104
SAN ANTONIO TX  78232
210-495-6789

**EXHIBIT C-1**

# OFFICER'S RETURN

Case No. : DC-15-04382

Court No.68th District Court

Style: HAILESELASSIE ZEGEYE

vs.

LIBERTY INSURANCE CORPORATION, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
4/17/2015 2:51:37 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

✦ CT-CERT-MAIL

DC-15-04382

**CAUSE NO.** _____

| | | |
|---|---|---|
| HAILESELASSIE ZEGEYE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | C-68TH ____ JUDICIAL COURT |
| | § | |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | DALLAS COUNTY, |
| AND KENNETH BARRITEAU | § | TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Haileselassie Zegeye, hereinafter referred to as "Plaintiff," complaining of Defendants, Liberty Insurance Corporation and Kenneth Barriteau (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Haileselassie Zegeye, is an individual and resident of Texas.

Defendant, Liberty Insurance Corporation ("Liberty"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can, therefore, be served with citation by serving its registered agent, the Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th St., Ste. 620, Austin, TX 78701-3218.

Page 1 of 21

Defendant, Kenneth Barriteau ("Barriteau"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 2120 W Walnut Hill Lane, Ste. 200, Irving, Texas 75038-4418, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Dallas County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below). Venue is proper and mandatory in Dallas County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.  Plaintiff is the owner of insurance Policy Number H37-298-612101-40 issued by Defendant, Liberty (hereinafter referred to as the "Policy").

B.  Plaintiff owned the insured property, which is specifically located at 6825 Bluebell Dr., Rowlett, Dallas County, Texas 75089, on October 3, 2014 (hereinafter referred to as the "Property").

C.  Defendant Liberty or its agent sold the Policy, insuring the Property, to Plaintiff.

D.     On or about October 3, 2014, a wind and hailstorm struck the Rowlett, Texas area causing
       severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to Liberty against the Policy for roof damage and water damage
       the Property sustained as a result of the wind and hailstorm. Plaintiff asked that Liberty
       cover the cost of repairs to the Property pursuant to the Policy and any other available
       coverages under the Policy.

F.     Defendants have assigned claim number 030743876-01 to Plaintiff's claim.

G.     Defendant Barriteau was the agent for Liberty and represented Liberty in regard to
       Plaintiff's claim. Barriteau also adjusted the Plaintiff's claim by investigating, processing,
       evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such,
       Barriteau acted as an insurance adjuster engaged in the business of insurance with respect to
       the Plaintiff's insurance claim. Therefore, Barriteau is a "person" who is individually liable
       for his unfair methods of competition or unfair or deceptive acts or practices under the
       Texas Insurance Code and the DTPA. Furthermore, Barriteau acted as the agent and
       representative for Liberty in this claim.

H.     Defendant Barriteau improperly adjusted the Plaintiff's claim. Defendant Barriteau
       conducted a substandard inspection, which is evidenced in his report, which failed to include
       many of Plaintiff's damages.[1] his estimate did not allow adequate funds to cover repairs to
       restore Plaintiff's home. Without limitation, Barriteau misrepresented the cause of, scope
       of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and
       insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Barriteau
       made these and other misrepresentations to Plaintiff as well as to Liberty. Plaintiff and

---

[1] *See Exhibit A: Defendant Barriteau's Adjustment Report dated October 20, 2014.*
[2] *Id.*

Liberty both relied on Barriteau's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Barriteau's misrepresentations caused Liberty to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Barriteau also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Barriteau's advice. Plaintiff's Property has sustained further damages as a result.

I.  Defendants Liberty and Barriteau misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $32,000.00 and were caused by a covered occurrence.

J.  Defendants Liberty and Barriteau failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.  These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.  Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

---

[3] *Id.*
[4] *Id.*

M.   Defendant Liberty failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(I).

O.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.   Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.     Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Liberty

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Liberty has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to

bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to his detriment. The

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## G. Cause of Action for Conspiracy Against Liberty and Barriteau

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that he purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H. Cause of Action for Aiding and Abetting Against Liberty and Barriteau**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The

other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

**I. Cause of Action for Negligence and Gross Negligence Against Barriteau**

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Barriteau was negligent in giving advice to Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair his Property and prevent future damage by following Barriteau's advice. Plaintiff's Property has sustained further damages as a result. Barriteau owed a duty to use reasonable care when he

undertook to advise the Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. Defendant Barriteau breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Barriteau.

## J. Cause of Action for Negligent Misrepresentation Against Barriteau

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Barriteau constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Barriteau made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Barriteau.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00 Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
JACEY HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**



October 20, 2014

Haileselassie H Zegeye
6825 Bluebell Dr
Rowlett, TX 75089-6720

Claim Number:  030743876-01
Date of Loss:   10/3/2014
Deductible:      $1,857.00

Dear Mr. Zegeye ,

Liberty Mutual Insurance appreciates the opportunity to be of service to you,
especially during this time.   Our goal is to provide you with exceptional
customer service to ensure we are meeting your specific needs.

After reviewing your claim, we have determined that the amount of estimated
covered damages totals $1,083.43.  Unfortunately, this amount of loss does
not exceed your policy deductible, which is shown above and is listed on the
Declarations Page of your Homeowners policy.

We appreciate the opportunity to be of service to you and regret that we are
unable to assist you further with this claim.  If you have any questions or any
additional information regarding your damages that may affect this
determination, please feel free to contact me, either by phone or by email, at
your convenience.  When contacting me by email, please include your claim
number in the subject line.

Sincerely,



Brittany Cunningham
Claims Department


*This letter should not be construed as a waiver or estoppel of any of the possible coverage
defenses afforded by the policy or applicable law.*



**CONTACT US**

**By phone**
Tel: (866) 542-2287
(407) 274-0299
Fax: (866) 791-7490

**By E-mail**
Brittany.Cunningham@LibertyMutual.com

**Liberty Insurance Corporation**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

**Visit us online**
LibertyMutual.com

**About Claims Process**
Libertymutual.com/claims-
insurance/about-claims-process

**Mobile**
Scan QR Code with your
iPhone or Android
smartphone to download
the claims app or download
a free reader app at
www.i-nigma.mobi



**EXHIBIT**

**A**

HO23

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

| | | | |
|---|---|---|---|
| Insured: | HAILESELASSIE H ZEGEYE | Cell: | (469) 345-1672 |
| Property: | 6825 BLUEBELL DR | E-mail: | ethioh777@yahoo.com |
| | ROWLETT, TX 75089-6720 | | |
| Home: | 6825 BLUEBELL DR | | |
| | ROWLETT, TX 75089-6720 | | |
| | | | |
| Claimant: | ZEGEYE, HAILESELASSIE | Cell1: | (469) 345-1672 |
| Home1: | 6825 BLUEBELL DR | | |
| | ROWLETT, TX 75089-6720 | | |
| | | | |
| Estimator: | Kenneth Barriteau | Business: | (817) 980-6523 |
| | | Fax: | (866) 781-8767 |

Business:    PO Box 1053
           Montgomeryville, PA 18936-1053

**Claim Number:** 030743876-01      **Policy Number:** H3729861210140      **Type of Loss:** Wind

| Coverage | Deductible | Estimate Summary (before deductions) |
|---|---|---|
| Dwelling | $1,857.00 | $1,083.43 |
| **TOTALS** | | $1,083.43 |

| | |
|---|---|
| Date Contacted: | 10/8/2014 |
| Date of Loss: | 10/3/2014 |
| Date Inspected: | 10/20/2014 |
| Date Est. Completed: | 10/20/2014 10:16 AM |
| Price List: | TXDF8X_OCT14 |



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Dwelling Line Item Detail

| Description | Qty | Unit Price | Estimate Amount | Additional * | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|---|---|
| **Source - Eagle View - Source - Eagle View - Roof** | | | | | | | |
| DWELLING | | | | | | | |
| **1a.** Remove 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 8.00 EA | $3.79 | $30.32 | $0.00 | $30.32 | -$0.00 | $30.32 |
| **1b.** 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 8.00 EA | $9.00 | $72.00 | $0.96 | $72.96 | -$0.00 | $72.96 |
| **2a.** Remove Roof vent - turtle type - Metal | 3.00 EA | $5.96 | $17.88 | $0.00 | $17.88 | -$0.00 | $17.88 |
| **2b.** Roof vent - turtle type - Metal | 3.00 EA | $39.09 | $117.27 | $3.88 | $121.15 | -$0.00 | $121.15 |
| **3a.** Remove Furnace vent - rain cap and storm collar, 5" | 2.00 EA | $7.12 | $14.24 | $0.00 | $14.24 | -$0.00 | $14.24 |
| **3b.** Furnace vent - rain cap and storm collar, 5" | 2.00 EA | $48.08 | $96.16 | $2.84 | $99.00 | -$0.00 | $99.00 |
| **4.** Prime & paint roof vent | 5.00 EA | $22.73 | $113.65 | $2.51 | $116.16 | -$0.00 | $116.16 |
| **5.** Roofer - per hour | 2.00 HR | $75.31 | $150.62 | $0.00 | $150.62 | -$0.00 | $150.62 |
| Line item compensates roofer to access 8/12 pitched roof to complete necessary repairs. | | | | | | | |
| **Subtotals - Source - Eagle View - Source - Eagle View - Roof** | | | 612.14 | 10.19 | 622.33 | -0.00 | 622.33 |
| **Rear Elevation** | | | | | | | |
| DWELLING | | | | | | | |
| **6a.** Remove Gutter - aluminum - up to 5" | 20.42 LF | $0.34 | $6.94 | $0.00 | $6.94 | -$0.00 | $6.94 |
| **6b.** Gutter - aluminum - up to 5" | 20.42 LF | $4.45 | $90.87 | $3.27 | $94.14 | -$0.00 | $94.14 |
| **7a.** Remove Downspout - aluminum - up to 5" | 16.00 LF | $0.34 | $5.44 | $0.00 | $5.44 | -$0.00 | $5.44 |
| **7b.** Downspout - aluminum - up to 5" | 16.00 LF | $4.45 | $71.20 | $2.56 | $73.76 | -$0.00 | $73.76 |
| **8a.** Remove Glazing bead - Vinyl | 4.00 LF | $0.22 | $0.88 | $0.00 | $0.88 | -$0.00 | $0.88 |
| **8b.** Glazing bead - Vinyl | 4.00 LF | $1.31 | $5.24 | $0.19 | $5.43 | -$0.00 | $5.43 |
| **9a.** Remove Window screen, 1 - 9 SF | 1.00 EA | $2.51 | $2.51 | $0.00 | $2.51 | -$0.00 | $2.51 |

\* The value in the Additional column may consist of taxes, overhead and profit, and base service charges or labor minimum charges, as applicable.
<> Indicates depreciation amount is non-recoverable

HAILESELASSIE_H_ZEGE                                    12/18/2014          Page: 2



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

| Description | Qty | Unit Price | Estimate Amount | Additional * | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|---|---|
| **9b.** Window screen, 1 - 9 SF | 1.00 EA | $23.68 | $23.68 | $1.71 | $25.39 | -$0.00 | $25.39 |
| **Subtotals - Rear Elevation** | | | **$206.76** | **$7.73** | **$214.49** | **-$0.00** | **$214.49** |
| **Left Elevation** | | | | | | | |
| DWELLING | | | | | | | |
| **10a.** Remove Glazing bead - Vinyl | 4.00 LF | $0.22 | $0.88 | $0.00 | $0.88 | -$0.00 | $0.88 |
| **10b.** Glazing bead - Vinyl | 4.00 LF | $1.31 | $5.24 | $0.19 | $5.43 | -$0.00 | $5.43 |
| **11a.** Remove Window screen, 1 - 9 SF | 1.00 EA | $2.51 | $2.51 | $0.00 | $2.51 | -$0.00 | $2.51 |
| **11b.** Window screen, 1 - 9 SF | 1.00 EA | $23.68 | $23.68 | $1.71 | $25.39 | -$0.00 | $25.39 |
| **Subtotals - Left Elevation** | | | **$32.31** | **$1.90** | **$34.21** | **-$0.00** | **$34.21** |
| **Debris Removal** | | | | | | | |
| DWELLING | | | | | | | |
| **12.** Debris disposal - (Bid item) | 1.00 EA | $10.00 | $10.00 | $0.00 | $10.00 | -$0.00 | $10.00 |
| **Subtotals - Debris Removal** | | | **$10.00** | **$0.00** | **$10.00** | **-$0.00** | **$10.00** |
| **Labor Minimums Applied** | | | | | | | |
| DWELLING | | | | | | | |
| **13.** Gutter labor minimum | 1.00 EA | $94.08 | $94.08 | $0.00 | $94.08 | -$0.00 | $94.08 |
| **14.** Window labor minimum | 1.00 EA | $108.32 | $108.32 | $0.00 | $108.32 | -$0.00 | $108.32 |
| **Subtotals - Labor Minimums Applied** | | | **$202.40** | **$0.00** | **$202.40** | **-$0.00** | **$202.40** |
| **Totals** | | | **$1,063.61** | **$19.82** | **$1,083.43** | **-$0.00** | **$1,083.43** |

* The value in the Additional column may consist of taxes, overhead and profit, and base service charges or labor minimum charges, as applicable.
<> Indicates depreciation amount is non-recoverable

HAILESELASSIE_H_ZEGE



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

### Summary for Dwelling

| | | |
|---|---|---:|
| **Replacement Cost Value** | | **$1,083.43** |
| Less Deductible | [Full Deductible = 1,857.00] | (1,083.43) |
| **Net Claim** | | **$0.00** |

Kenneth Barriteau

HAILESELASSIE_H_ZEGE                    12/18/2014        Page: 4

 **Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

## Recap of Taxes

|  | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| Line Items | 19.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | **19.82** | **0.00** | **0.00** | **0.00** | **0.00** |



**Liberty Mutual**

Centralized Catastrophe Unit
PO Box 1053
Montgomeryville, PA 18936-1053
Office: (866) 542-2287
Fax: (866) 791-7490

### Loss Recap Summary

| Line of Coverage | Code | Replacement Cost - RCV | Recoverable Depreciation | Deductible | Net Claim* |
|---|---|---|---|---|---|
| **Structural** | | **$1,083.43** | **$0.00** | **$1,083.43** | **$0.00** |
| | Dwelling | $1,083.43 | $0.00 | $1,083.43 | $0.00 |
| **TOTAL** | | **$1,083.43** | **$0.00** | **$1,083.43** | **$0.00** |

\* **The Net Claim amount may include deductions for prior payment(s), and/or salvage retention. Please see the individual** *summary section(s) for these details.*

Any person who knowingly, and with the intent to injure, defraud or deceive, submits information to an insurer that is false, incomplete or misleading, may be guilty of a crime.



## CERTIFIED MAIL

FELICIA PITRE DISTRICT CLERK
GEORGE L. ALLEN, SR. COURTS BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-6604

Return Receipt (Electronic)

9214 8901 0661 5400 0057 3057 58

**DC-15-04382/ CIT SC**

LIBERTY INSURANCE CORPORATION
SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY
620
211 E. 7TH ST.
AUSTIN, TX 78701-3218

SHOW TO WHOM
DELIVERED, Date &
Addressee's
Address

Deliver to
Addressee
ONLY

